## Case No. 8,436.

### LLOYD v. TURNER.

[5 Sawy. 463.] [1]

District Court, D. California. April 28, 1879.

BANKRUPTCY — CLAIM PURCHASED TO BE USED AS A SET-OFF.

A claim against the bankrupt purchased before the filing of the petition, but with full knowledge of the insolvency, and with intent to use the claim as a set-off, is available for that purpose to the purchaser in a case of voluntary bankruptcy.

[Cited in Mattocks v. Lovering, 3 Fed. 214.]

[This was a suit by John Lloyd, assignee, against Polly Turner].

Du Bruts & Dickinson, for plaintiff.
Geo. W. Tyler, for defendant.

HOFFMAN, District Judge. The principal question in this case is whether a claim against the bankrupt, purchased before the filing of the petition, but with full notice of the insolvent condition of the bankrupt, and with intent to use the claim as a set-off, is available for that purpose to the purchaser. This question was carefully considered by this court in the case of City Bank of Savings, Loan & Discount [Case No. 2,742], and resolved in the affirmative. An opposite conclusion was reached in Hitchcock v. Rollo [Id. 6,535]. The question underwent an elaborate re-examination in Hovey v. Home Ins. Co. [Id. 6,743], in which the learned judge arrived at the same conclusion as that reached by this court. The subject seems to have attracted the attention of congress, and in 1874 [18 Stat. 178] an amendment was adopted intended to remedy the evils suggested by the decisions in The City Bank

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

of Savings, Loan & Discount and Hovey v. Home Ins. Co., Blum. Bankr. p. 283. That amendment provides that in cases of compulsory bankruptcy no offset shall be allowed of a claim purchased or transferred after the act of bankruptcy in respect of which the adjudication shall be made, and with a view of making such set-off. In voluntary cases the original language of the act has been suffered to stand, and the set-off is prohibited only when purchased or transferred after the filing of the petition.

I recognize the force of the argument made by the learned judge in Hitchcock v. Rollo [supra], but I cannot admit it to be sufficient to countervail the suggestions contained in In re City Bank of Savings, Loan & Discount [supra], and in the elaborate opinion delivered in Hovey v. Howe Ins. Co. [supra]. The latter derives much support from the case of Sawyer v. Hoag, 17 Wall. [84 U. S.] 610. Independently, however, of these authorities, I must consider the amendment above cited as an implied legislative adoption of the construction given to the act in the two cases I have mentioned. The amendment, Mr. Blumenstiel observes, was adopted in view of those decisions, and the careful restriction of its terms to compulsory cases and to cases where the offset has been acquired after the commission of the very act of bankruptcy on which the adjudication is based, seems to indicate quite clearly that congress intended to leave the law with regard to voluntary cases to be administered according to the construction given to it in the cases referred to. The objection to the allowance of the set-off must, therefore, be disallowed.

It is also objected that the claim is for unliquidated damages which have not been assessed under the direction of the court. But the debt is a provable debt, and therefore available as a set-off. If the damages have not been assessed, an application to the court for the purpose can be made. although I can see no objection to taking that proceeding in this suit—to which the assignee is a party, and in which he will have ample opportunity to reduce the claim for damages to its just proportions.