[No. 18282.   Department Two.—September 21, 1894.]

W. C. CONROY, Assignee, etc., Respondent, v.
WILLIAM DUNLAP, Appellant.

Insolvency—Setoff—Purchase of Claim Against Insolvent.—Under
sections 21 and 43 of the Insolvent Act of 1880 a claim against an in-
solvent, purchased by his debtor prior to the adjudication of insolvency
but with full knowledge at the time of the transfer of the fact of the
insolvency, may be setoff by the debtor against the debt due from him
to the insolvent.

Appeal from a judgment of the Superior Court of
Placer County, and from an order denying a new trial.

The facts are stated in the opinion.

*F. P. Tuttle*, and *John M. Fulweiler*, for Appellant.

*Benjamin P. Tabor*, for Respondent.

Belcher, C.—O. W. Hollenbeck was engaged in the
business of banking in Placer county, and on October
31, 1892, the doors of his banking house were closed
and payments suspended, he being insolvent.   At that
time the defendant was indebted to him in the sum of
three hundred and twenty-one dollars and eighty cents,
for money loaned, and he was indebted to one Mrs. S. J.
Dunlap in the sum of three hundred and thirty-nine
dollars and ninety-eight cents, for money deposited in
his bank by her.   On November 1, 1892, Mrs. Dunlap,
for a valuable consideration, assigned and transferred
in writing her said demand against Hollenbeck to the
defendant.   On November 10, 1892, Hollenbeck filed in
the superior court of Placer county his petition and
schedules in voluntary insolvency, and was thereupon
adjudged to be an insolvent debtor.   Thereafter the
plaintiff was duly elected and appointed assignee of the
estate of the insolvent, and qualified as such, and the
clerk of the court, by an instrument under his hand and
the seal of the court, assigned and conveyed to him all
the property, real and personal, of the debtor.

The plaintiff, as such assignee, brought this action to recover from the defendant the said sum of three hundred and twenty-one dollars and eighty cents, alleging that on the tenth day of November, 1892, the defendant was indebted to Hollenbeck in that sum for money loaned, and that no part of the same had been paid.

The defendant, by his answer, denied that he was indebted to Hollenbeck on the tenth day of November, 1892, or at any time after the first day of that month, in the sum named, or in any sum; denied that he had not paid his said indebtedness; and averred that on November 1, 1892, he was indebted to Hollenbeck, and Hollenbeck was indebted to Mrs. Dunlap, and Mrs. Dunlap assigned and transferred her said demand to him, as before stated, and that thereby he became and now is a creditor of Hollenbeck and of his estate for the balance of said sum, to wit: eighteen dollars and eighteen cents.

The case was tried, and the court found the facts to be substantially as above stated, and as conclusions of law: " 1. That the defendant is not entitled to the setoff claimed, and that the same should be disallowed; 2. That the plaintiff is entitled to judgment for the sum of three hundred and twenty-one dollars and eighty cents, gold coin of the United States, and to legal interest thereon from the tenth day of November, 1892, and to costs of suit."

Judgment was accordingly so entered, from which and from an order denying a new trial the defendant appeals.

The appellant contends that the conclusions of law were not justified by the facts, and were erroneous; and whether this be so or not must be determined from a consideration of the provisions of the Insolvent Act of 1880.

Section 21 of that act provides that the assignee may sue in his own name to recover any debt due the insolvent, " and no setoff or counterclaim shall be allowed in any such suit, for any debt, unless it was owing to

such creditor by such debtor at the time of the adjudication of insolvency."

And section 43 provides: "In all cases of mutual debts and mutual credits between the parties the account between them shall be stated, and one debt set off against the other, and the balance only shall be allowed and paid. But no setoff or counterclaim shall be allowed of a claim in its nature not provable against the estate; *provided*, that no setoff or counterclaim shall be allowed in favor of any debtor to the insolvent of a claim purchased by or transferred to him after the filing of the petition by or against him, for the purpose of making such setoff or counterclaim."

It is evident that the claim here sought to be set off is such a one as may constitute a counterclaim under section 438 of the Code of Civil Procedure, and that it was purchased by and transferred to the defendant before the filing of Hollenbeck's petition in insolvency, and was a debt owing to defendant by Hollenbeck at the time of the adjudication in insolvency. And it is claimed for appellant that, under the maxim, "*Expressio unius est exclusio alterius*," section 43 of the Code of Civil Procedure should be so construed as to allow claims, purchased *before* the filing of the petition by the insolvent, to be offset, since claims purchased *after* that date are in express terms excluded.

There have been no decisions of this court, so far as we are advised, bearing upon the question in hand, but the same question has several times arisen and been passed upon in the federal courts in cases involving the construction of section 20 of the Bankrupt Act of 1867, which reads as follows:

"In all cases of mutual debts or mutual credits between the parties the account between them shall be stated, and one debt set off against the other, and the balance only shall be allowed or paid, but no setoff shall be allowed of a claim in its nature not provable against the estate; *provided*, that no setoff shall be allowed in favor of any debtor to the bankrupt of a claim pur-

chased or transferred to him after the filing of the petition."

The cases referred to are *In re City Bank*, 6 Nat. Bank. Reg. 71; *Hitchcock* v. *Rollo*, 3 Biss. 276; 4 Nat. Bank. Reg. 690; *Sawyer* v. *Hoag*, 17 Wall. 610; *Hovey* v. *Home Ins. Co.*, 10 Nat. Bank. Reg. 224; *Loyd* v. *Turner*, 5 Saw 463.

The case of *In re City Bank*, 6 Nat. Bank. Reg. 71, was the first in point of time, and was decided by the United States district court of California—Hoffman, judge. In that case it was held that, under the twentieth section of the Bankrupt Act, such a setoff as is here claimed might be made, and the court, after reviewing the English cases bearing on the question, said: "The rule established by these cases seems to have been adopted by Congress in framing the provisions of the Bankrupt Act with regard to offsets. A debtor of the bankrupt is allowed to set off a debt due to him from the bankrupt, provided it has been purchased by or transferred to him before the filing of the petition."

*Hitchcock* v. *Rollo*, 3 Biss. 276, 4 Nat. Bank. Reg. 690, was next decided by the United States district court of Illinois—Drummond, judge. In that case it was held that a claim against an insolvent, purchased by his debtor before the filing of a petition in bankruptcy, with knowledge of the insolvency, could not be used as a setoff, but it was admitted that it might be so used if purchased without such knowledge. And the court, speaking of the case of *In re City Bank*, 6 Nat. Bank. Reg. 71, said: "It was held in that case that the fact that the creditor of the bankrupt, at the time he assigned his claim to a debtor, had reason to believe the bankrupt to be insolvent, did not prevent the debtor from setting off against the debt the claim thus assigned. . . . . If the case decided in California intended to sanction a setoff such as is claimed here, we do not feel inclined to adopt the rule there stated. We hold it to be the duty of a court of equity so to construe the twentieth section as not to suffer it to defeat the main purpose of the

bankrupt law, or to permit one creditor in this way to obtain the payment of his claim in full, to the sacrifice of the claims of other creditors."

*Sawyer* v. *Hoag*, 17 Wall. 610, was an action brought by the assignee of a bankrupt corporation to recover money alleged to be due the company, and in which the defendant sought to have certain claims against the company, which he had purchased before the filing of the petition in bankruptcy, set off against his indebtedness. The court, by Mr. Justice Miller, said: "The first and most important question to be decided in this case is whether the indebtedness of the appellant to the insurance company is to be treated, for the purposes of this suit, as really based on a loan of money by the company to him, or as representing his unpaid stock subscription."

And it was held that the money due was for unpaid shares of stock in the company.

The court further said: "Though it be a doctrine of modern date, we think it now well established that the capital stock of a corporation, especially its unpaid subscriptions, is a trust fund for the benefit of the general creditors of the corporation." And again: "The debt which the appellant owed for his stock was a trust fund devoted to the payment of all the creditors of the company. As soon as the company became insolvent, and this fact became known to the appellant, the right of setoff for an ordinary debt ceased. It became a fund belonging equally in equity to all the creditors, and could not be appropriated by the debtor to the exclusive payment of his own claim."

And upon this ground it was held that the defendant was not entitled to the setoff.

*Hovey* v. *Home Ins. Co.*, 10 Nat. Bank. Reg. 224, was a case in the United States circuit court of Ohio, in which Swing, D. J., delivered the opinion. It was held that "A debt of one insolvent purchased by his debtor immediately prior to the filing of a petition in bankruptcy, and purchased in order to set the same off

against his indebtedness, is protected by the Bankrupt Act, it only forbidding the setoff of claims purchased *after* petition filed."

The court reviewed very fully the authorities, and speaking of *Sawyer* v. *Hoag*, 17 Wall. 610, said: "If the supreme court had given to the twentieth section the construction contended for there would have been no necessity of determining the character of the indebtedness of Sawyer, for it was an admitted fact that he knew of the insolvency of the company when he purchased the certificate."

And again: "Having determined this most important question, that the debt was a part of the stock of the company, and therefore a trust fund for the benefit of the general creditors of the corporation, they decide *as against such a fund* the setoff could not be allowed, and their construction of the twentieth section must be taken as applying to a case of the character they found the one before them to be. So that rather than being an authority in favor of the construction claimed by plaintiff, it would seem to be one strongly, inferentially at least, against it."

After the foregoing decisions were made Congress, on June 22, 1874, amended section 20 of the Bankrupt Act by adding at the end thereof the following words: "Or in cases of compulsory bankruptcy, after the act of bankruptcy, upon or in respect of which the adjudication shall be made, with a view of making such setoff."

·*Lloyd* v. *Turner*, 5 Saw. 463, was a case in the United States district court of California, and was decided in 1879 by Hoffman, judge. It was held that "A claim against the bankrupt purchased before the filing of the petition, but with full knowledge of the insolvency, and with intent to use the claim as a setoff, is available for that purpose to the purchaser in a case of voluntary bankruptcy."

The learned judge reviewed the earlier cases, and considered that the conclusion reached derived much support from the case of *Sawyer* v. *Hoag*, 17 Wall. 610, and

also from the amendment made by Congress to section 20 in 1874. He said: "That amendment provides that in cases of compulsory bankruptcy no offset shall be allowed of a claim purchased or transferred after the act of bankruptcy in respect of which the adjudication shall be made, and with a view of making such setoff. In voluntary cases the original language of the act has been suffered to stand, and the setoff is prohibited only when purchased or transferred after the filing of the petition."

It is not made clear by the record in this case that either the defendant or Mrs. Dunlap had knowledge of the insolvency of Hollenbeck at the time of the assignment and transfer in question. But assuming that they did have such knowledge, still, in our opinion, the setoff claimed was authorized by the provisions of the Insolvent Act, when properly construed, and should have been allowed by the court below.

We advise that the judgment and order be reversed, and the cause remanded, with directions to the court below to enter judgment in favor of the defendant.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and the cause remanded, with directions to the court below to enter judgment in favor of the defendant.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.