No. 11,631.

THE INDIANA NATIONAL BANK *v.* HOLTSCLAW ET AL.

BANK CHECK.—*Forged Endorsement.*—*Title.*—The forged endorsement of a bank check confers no title upon the endorsee.

SAME.—*Acceptance.*—*Election.*—*Ownership.*—*Estoppel.*—*U. S. Pension Agent.*— A pension agent sent a bank check to a pensioner by mail, addressed by mistake to the wrong post-office, by reason whereof the check was received by another person of the same name who forged an endorsement thereon and sold the check to one who drew the money.

*Held,* that the payee might elect to accept the check, even after its payment and after first bringing suit against the pension agent for failure to pay the pensioner, and then maintain a suit against the purchaser for the money received.

From the Superior Court of Marion County.

*J. T. Dye, W. P. Fishback* and *G. T. Porter,* for appellant.

*F. Knefler, J. S. Berryhill, S. Claypool* and *W. A. Ketcham,* for appellees.

BEST, C.—The appellee William Holtsclaw brought this action against the appellant, the First National Bank of Indianapolis, Indiana, and Frederick Knefler, to recover the amount of a check drawn in his favor by Knefler upon the First National Bank, and paid by the latter to the appellant upon an alleged unauthorized endorsement.

The complaint alleged, in substance, that the plaintiff is a pensioner of the United States, and that his pension is payable at the pension office in Indianapolis; that the defendant Knefler is the agent at such office charged with the duty of paying pensions; that on the — day of March, 1880, there was due the plaintiff the sum of $582.20, and, according to the mode of doing business in such office, he sent said Knefler a receipt for said sum, and it thereupon became said Knefler's duty to draw the plaintiff a check against the First National Bank of Indianapolis, and transport the same to him by mail; that said Knefler did draw such check and mailed it to him, but by mistake directed the letter containing it to Plainfield, Greene county, instead of Bloomfield,

Greene county, Indiana; that the same was sent to Plainfield, Hendricks county, Indiana, and from there was sent by the postmaster to Pittsboro, in said county, and from there by the postmaster was sent to Coatesville, in the same county, where another person, whose name was the same as the plaintiff's, received it and without any authority endorsed the plaintiff's name upon it and transferred the same to the appellant; that the appellant thereafter endorsed the same to the First National Bank of Indianapolis, and received thereon the sum of $582.20 without the knowledge or consent of the plaintiff; that said sum is due and remains wholly unpaid, and that the same as well as the check has been demanded of each defendant, but the same has been refused; that said Knefler is made a party to answer as to his interest, etc.

A demurrer to the complaint for want of facts by the appellant was overruled, after which an answer was filed.

The answer alleged, in substance, that Plainfield in Hendricks county is the only Plainfield in this State, and that the plaintiff, at the time said check was issued and ever since, has resided in Greene county, Indiana, and that he gave no directions to said Knefler to send it to Hendricks county, and that the same was sent without his knowledge or consent; that at the time the appellant received the money upon said check the plaintiff did not know that the same had been issued, and that when he learned it and was informed that it had been mailed to him at Plainfield, Indiana, he refused to ratify the act of said Knefler in thus mailing said check, but demanded the payment of the money and brought suit against said Knefler to recover it. It was further averred that since the complaint was filed the averment that Knefler was made a party to answer as to his interest was inserted.

A demurrer to this answer was sustained, and, the appellant declining to further plead, final judgment was rendered against it for the amount of said check and the interest thereon since it was paid.

The rulings upon the demurrers are assigned as errors.

The appellant maintains that the facts averred in the complaint do not show that the title to the check vested in the plaintiff, and that consequently he can not recover the money received by the appellant upon it. The right to recover turns upon this question. If the title vested the plaintiff may recover, and if not, he can not recover from the appellant. Ordinarily, when one person directs another to send him by mail a check for money, and the same is inclosed in a letter, properly directed and deposited in the post-office, such check at once becomes the property of the former and is thereafter at his risk. This the appellant concedes, but insists that as a mistake was made in the address in this case, the title did not vest. This by no means follows. The title vested upon the acceptance of the check. If deposited as directed, the acceptance was then made and the title vested; if not deposited as directed, still the check, notwithstanding such misdirection, might be accepted, and when accepted the title vested. The mere fact, therefore, that the letter was misdirected, does not show that the title to the check did not vest in the plaintiff.

It is further insisted that the suit against Knefler proceeds upon the assumption that the mailing of the check did not operate as a payment of the plaintiff's pension, and that its mere institution shows that it was not accepted, and, consequently, the title never vested. It must be conceded that the institution of the suit against Knefler and the appellant placed the plaintiff in an equivocal attitude, as the suit could only proceed against Knefler on the assumption that the title to the check had not vested, and against the appellant upon the assumption that such title had vested. Of course, both could not be maintained, and one or the other had to be abandoned. This was done by the amendment of the complaint, and thereafter, as before, the cause proceeded against the appellant upon the assumption that the title had vested. As the institution of the suit against Knefler did not estop the plain-

tiff to maintain such position, such fact did not show that the title had not vested.

In support of the answer, it is insisted that as the plaintiff did not know that such check had been issued and mailed to him until after the appellant had purchased and received the money upon it, he could not thereafter waive the mistake made in addressing the letter and accept the check. We are at a loss to know why. The appellant had acquired no rights, and hence there was nothing to hinder such acceptance. The purchase of the check upon a forged or unauthorized endorsement conferred no title, and in contemplation of law the check remained untransferred. In this condition it was subject to the plaintiff's acceptance, though misdirected, and when accepted the title vested, though it had, in fact, been paid. As its endorsement was unauthorized, its purchase and payment in no manner affected the plaintiff's rights, and, therefore, did not preclude its acceptance. *Graves* v. *American Ex. Bank,* 17 N. Y. 205.

If, through the negligence of Knefler in misdirecting the check, the appellant has suffered loss, this fact can not affect the plaintiff's rights.

The demurrers were, as we think, properly determined, and the judgment should, therefore, be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

