# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

Tibby Brothers Glass Company, Appellant, v. Farmers & Mechanics Bank of Sharpsburg, Pennsylvania.

*Banks and banking—Checks—Contractual relation—Payee—Drawee— Right of action—Forged indorsement.*

In Pennsylvania, there is no contractual relation between the payee of an unaccepted check and the bank on which the check is drawn, and no action will lie by the payee in his own name against the bank although it has sufficient funds of the drawer at the time payment is refused.

A check is neither a legal nor an equitable assignment or appropriation of a corresponding amount of the drawer's funds in the hands of the drawee, and it gives the payee no right of action against the drawee, nor any valid claim to the funds of the drawer in his hands.

Where a bank cashes, on forged indorsements, checks drawn on other banks in favor of one of its own depositors, and subsequently receives the amounts of such checks from the drawee banks, the depositor has no right of action against the bank to recover such moneys, as moneys received for the depositor's benefit.

Argued Nov. 13, 1907. Appeal, No. 199, Oct. T., 1907, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., May Term, 1905, No. 827, for defendant non obstante veredicto in case of Tibby Brothers Glass Company v. Farmers & Mechanics Bank of Sharpsburg, Pa. Before MITCHELL, C. J., FELL,

BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover for moneys had and received for plaintiff's use. Before EVANS, J.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $5,618.51. On motion judgment was entered for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*William A. Sipe*, with him *Frank R. Agnew* and *R. P. Marshall*, for appellant.—The defendant bank acquired no title to the checks by the forged indorsements, and the plaintiff could have recovered them back in an action of trespass while they were in possession of the defendant: Chitty on Bills & Notes, Am. ed. (1839), sec. 337; Graves v. Bank, 17 N. Y. 205; Spraights v. Hawley, 39 N. Y. 441; Indiana Nat. Bank v. Holtsclaw, 98 Ind. 85.

The question of the plaintiff's right to recover, under the facts of this case, do not appear to have ever been passed upon by the courts of last resort in Pennsylvania, but cases involving the same question have been passed upon by the courts of other states: Johnson v. Bank, 6 Hun (N. Y.), 124; Talbot v. Rochester Bank, 1 Hill (N. Y.), 295; Indiana Nat. Bank v. Holtsclaw, 98 Ind. 85; Shaffer v. McKee, 19 Ohio St. 526.

Multiplicity of suits is never favored and should be avoided: Taylor v. Huber's Executors, 13 Ohio St. 288; Shaffer v. McKee, 19 Ohio St. 526; Parsons on Bills & Notes, secs. 595, 600, 601; 1 Story's Equity, sec. 593.

*George H. Calvert*, of *Rodgers, Blakeley & Calvert*, with him *Donald Thompson* and *Earle P. Carman*, for appellee.—There was no undertaking, express or implied, on the part of the appellee to pay the checks: Maginn v. Dollar Sav. Bank, 131 Pa. 362; First Nat. Bank v. Whitman, 94 U. S. 343; Clark v. Savings Bank, 31 Pa. Superior Ct. 647; Bank v. Millard, 77 U. S. 152; J. M. Houston Grocer Co. v. Farmers' Bank of Mt. Vernon, 71 Mo. App. 132; First Nat. Bank v. Shoemaker, 117

Pa. 94; Furst v. B. & L. Assn., 128 Pa. 183; Bryan v. Bank, 205 Pa. 7.

The appellant can have no right of action under the facts in this case against the bank for money had and received: Land Title & Trust Co. v. Bank, 196 Pa. 230; First Nat. Bank v. Whitman, 94 U. S. 343; Clark v. Savings Bank, 31 Pa. Superior Ct. 647; Grocer Co. v. Bank, 71 Mo. App. 132; Thomson v. Bank of British N. A., 82 N. Y. 1.

Liability of appellee is to drawee banks only.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1908:

The material facts in this case are admitted or established by the verdict of the jury, and, therefore, not in dispute.

The plaintiff company is engaged in the manufacture and sale of glassware in the borough of Sharpsburg, Pa., and the Farmers & Mechanics Bank, the defendant, is located and does a banking business in that borough. For some time prior to November 25, 1902, the plaintiff kept an account with the defendant, and in making a deposit of a check used a rubber stamp for indorsing it, the indorsement by the stamp being in the following form: "Pay to the order of Farmers & Mechanics Bank of Sharpsburg, Pa. Tibby Brothers Glass Co." This stamp was used only to indorse checks for deposit, and not for the cashing of checks.

The plaintiff company ceased to deposit with the defendant bank on or about November 25, 1902, but before and after that date it drew checks on the bank. About the middle of September of that year the plaintiff employed a bookkeeper who continued in its employment until December 24, 1904, when he absconded. While the plaintiff was a depositor in the bank it was the duty of the bookkeeper to make up the deposits for the bank, and he was authorized to stamp the indorsement upon the back of the checks and deposit them with the bank to plaintiff's credit. From April, 1903, to the time he left the service of the plaintiff company, the bookkeeper presented to the defendant bank several checks drawn to the order of the plaintiff by its customers and indorsed with the rubber stamp, and received the cash for the face of the checks without the knowledge, consent or authority of the plaintiff company, and without accounting to it for the proceeds of the checks. These

checks were received by the plaintiff, the payee, and credited to the account of the several drawers.   The defendant collected the checks through a clearing house, and had the amount thereof at the date of the bringing of this suit.   The plaintiff company presented the checks for payment to the defendant, and, payment being refused, it brought this action of assumpsit, basing its right to recover on an implied contract that the moneys held by the defendant bank were for the use of the plaintiff.

The case was submitted to the jury and a verdict was rendered for the plaintiff.   The court, however, subsequently entered judgment non obstante veredicto for the defendant bank and the plaintiff has taken this appeal.

The plaintiff company contends that it sustained such relations to the defendant and to the moneys collected by the defendant on the checks as entitled it to recover.   It raises no question of the acceptance of the checks by the drawee banks.

We think the plaintiff's position is untenable, and that under the facts of the case the plaintiff cannot maintain this action against the defendant bank.

The checks in question were not drawn upon the defendant, but upon various other banks.   The defendant simply cashed them on the forged indorsements of the payee's name, paid the several amounts to the defaulting bookkeeper, and collected the amount of the checks through a clearing house.

In this state there is no contractual relation between the payee of an unaccepted check and the bank on which the check is drawn, and no action will lie by the payee in his own name against the bank although it has sufficient funds of the drawer at the time payment is refused: Saylor v. Bushong, 100 Pa. 23; First National Bank v. Shoemaker, 117 Pa. 94. A check is neither a legal nor an equitable assignment or appropriation of a corresponding amount of the drawer's funds in the hands of the drawee, and it gives the payee no right of action against the drawee, nor any valid claim to the funds of the drawer in his hands: Harrisburg National Bank's Appeal, 10 W. N. C. 41.   The reason why the payee of a check cannot recover from the drawee bank is, as shown by the cases, that there is no privity of contract or other relations existing between the payee and the bank which establishes an obligation to pay, or from which an assumption to pay

arises.  A check is only conditional payment until it is paid, and in the event of nonpayment the holder may resort to the original indebtedness : 2 Bolles on Modern Law of Banking, 600.  Until, therefore, the check has been presented to the bank and it has been accepted, which must now be in writing, there is no relation between the payee and the bank which establishes the former's right to an action.  The amount of the check on deposit with the bank continues to be the money of the drawer and subject to his check, and if on presentation of the check the bank refuses for any reason to accept and pay, the payee still has recourse to the drawer of the check for the amount of his indebtedness.

None of the checks in question, as we have seen, was drawn upon the defendant bank.  It simply cashed the checks with the forged indorsements made by the bookkeeper and collected the money from the drawee banks.  The action of the defendant in cashing the checks puts it upon no better ground than if it had been the drawee bank, and establishes no relations between it and the plaintiff company that would warrant the latter in maintaining an action for the recovery of the amount of the checks.  A nondrawee bank is under no obligations whatever to pay a check, and it does so at its peril : 2 Bolles on Modern Law of Banking, 728, 729.  The plaintiff's contention is, however, that the defendant having received the money of the plaintiff company, due on the several checks drawn to its order by its customers, and the plaintiff having given credit to its customers for the amount of the checks, the defendant is liable in this action for money had and received for the use of the plaintiff.  This contention wholly misapprehends the relations of the parties, as well as their rights and obligations arising out of the transaction.  We may assume that the defendant bank received the amounts of the several checks through a clearing house from the banks on which they were drawn.  This fact, however, does not convict the defendant of having received the money of the plaintiff, or having received money for the use of the plaintiff.  As we have already seen, if these checks had been presented to the drawee banks and the money had been paid on the forged indorsements and charged against the deposit account of the drawers, the plaintiff would have no right of action against the drawee banks.  And for the reason

that the checks not having been accepted in writing there was no contractual relation or privity between the parties. The money paid on the checks would not be the money of the drawer of the checks; it would be the money of the banks which paid it. Such is the case here. If the defendant bank received the money on the checks from the drawee banks, the latter did not pay the money out of the deposits of the drawers of the checks, but out of their own money, and hence the money which the defendant received was not the money of the drawers of the checks nor was it the money of the plaintiff; neither was it received for the use of the plaintiff.

The drawers of the checks and the payee were in no way affected by the payment of the amount of the checks by the drawee banks to the defendant bank on the forged indorsements. The deposits of the drawers on which they had drawn the checks were still their money, and the indebtedness of the drawers to the payee for which the checks were given still existed and warranted an action by the payee against his debtors, the drawers of the checks. The collection of the checks by the defendant bank from the drawee banks did not constitute a payment by the latter of the drawer's checks, and hence left intact the drawers' deposits, unaffected by the checks which they had drawn and delivered to the payee. The plaintiff's right of action against the defendant bank is not superior to its right of action against the drawee banks. The money paid the defendant on the several checks was the money of the drawee banks in which neither the drawers of the checks nor the plaintiff had any interest, and having been paid on forged indorsements, it may be recovered from the defendant by the paying banks. The defendant, therefore, has received no money for or on account of the plaintiff company and for which in good conscience it should account to the plaintiff.

The fact, if it be a fact, that the bookkeeper entered a credit on the plaintiff's books for the amount of the different checks does not affect the liability of the defendant in this action. The payment of these checks on the forged indorsements was not a payment to the plaintiff, the payee of the checks. So far as the plaintiff company is concerned, the

checks are still unpaid, and it has a right of action against its customers for the indebtedness.

Under the facts of the case, we are of the opinion that the plaintiff has shown no right to maintain this action, and that the learned trial judge did not commit error in entering judgment in favor of the defendant bank.

The assignments of error are overruled and the judgment is affirmed.