TEXAS SEATING CO. v. FARMERS' & MECHANICS' NAT. BANK.

(Court of Civil Appeals of Texas.  Jan. 7, 1911.  On Motion for Rehearing, Feb. 4, 1911.)

1. BANKS AND BANKING (§ 148*)—PAYMENT ON FORGED INDORSEMENTS—PETITION.

Where the petition in an action against a bank for paying drafts on forged indorsements merely alleged that the forgeries were committed by a third person, there could be no recovery if the third person procured another to make the forgeries, or if the forgeries were committed by another.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 438–452; Dec. Dig. § 148.*]

2. BANKS AND BANKING (§ 148*)—INDORSEMENTS—PAYMENT—LIABILITY.

Where an employé had authority to indorse drafts in favor of his employer, and a bank paying a draft on the employé's blank indorsement had no notice that the employé was without authority to collect drafts properly indorsed, a payment by the bank to the employé of a draft indorsed by him in blank was valid as against the employer.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 438–452; Dec. Dig. § 148.*]

3. TRIAL (§ 237*)—INSTRUCTIONS—MISLEADING INSTRUCTIONS.

A charge that the burden of proof is on plaintiff to make out its case by preponderance of the evidence following instructions submitting the material issues on which a recovery is allowable is not misleading as leaving the jury to determine for themselves questions of law and fact controlling the issue of liability.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 548–551; Dec. Dig. § 237.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by the Texas Seating Company against the Farmers' & Mechanics' National Bank. From a judgment for defendant, plaintiff appeals. Affirmed.

Wray & Mayer, for appellant. Capps, Cantey, Hanger & Short, for appellee.

DUNKLIN, J. The Texas Seating Company, a corporation, sued the Farmers' & Mechanics' National Bank to recover the proceeds of certain drafts drawn in its favor. In its petition plaintiff alleged that its name had been forged to indorsements on the backs of the drafts by Theodore Eisenlohr, one of its employés; that upon such forged indorsements defendant had paid the proceeds of the drafts to Eisenlohr, who had appropriated the same to his own use, and deprived plaintiff of any benefit thereof. Judgment was in defendant's favor. In effect, the court charged the jury that, if they should find that the indorsements of plaintiff's name on the backs of the drafts were forged by Eisenlohr, then a verdict should be returned in plaintiff's favor for the amounts of those drafts; but that, if they should find that Eisenlohr had authority to so indorse the drafts, then a verdict should be returned in defendant's favor.

Eisenlohr testified substantially that he indorsed and collected the drafts, and that he was authorized by plaintiff to do so. Some of plaintiff's witnesses testified that the indorsements were in Eisenlohr's handwriting, while other witnesses for plaintiff testified that the indorsements were in the handwriting of an employé of plaintiff other than Eisenlohr. According to the rule as announced in the decisions cited by appellant, it would seem that defendant would be liable for the proceeds of the drafts, if Eisenlohr forged the indorsements thereon. See Farmer v. People's Bank, 100 Tenn. 187, 47 S. W. 234, and decisions there cited. Also Buckley v. Second National Bank of Jersey City, 35 N. J. Law, 400, 10 Am. Rep. 249.

Appellant insists that the charge given by

the court was erroneous because it failed to embody an instruction to the jury to return a verdict for the plaintiff if they should find that Eisenlohr procured the forgery of the indorsement of the drafts; and appellant complains further of the court's refusal to give a special instruction to that effect, which was requested by plaintiff. In its petition upon which the case was tried it was alleged that the forgeries charged were committed by Eisenlohr. The petition contained no allegation by way of an alternative plea that the alleged forgeries were committed by any other person at Eisenlohr's instance or by his procurement. In Lewis v. Hatton, 86 Tex. 535, 26 S. W. 50, Lewis was sued for damages for a wrongful seizure of goods. At the time of the seizure he was sheriff, and the seizure was by virtue of process of court. The plaintiff in that suit alleged that the seizure was made by the defendant, while the proof upon the trial was that the levy was made by a deputy sheriff acting under Lewis; and our Supreme Court held this to be a fatal variance between the pleadings and proof. Logical application of that decision to the question presented by the assignments now under discussion is obvious, and therefore the assignments referred to above are overruled. See, also, Guffey v. Moseley, 21 Tex. 408.

It is insisted, further, that, conceding for the sake of argument, authority in Eisenlohr to indorse the drafts was shown, still such authority was no authority to collect the proceeds of the drafts, and that there was error in the instruction to return a verdict for defendant upon the single predicate that Eisenlohr was authorized by plaintiff to indorse the drafts. The drafts were indorsed in blank, and were therefore transferrable by delivery. Plaintiff did not allege that defendant had notice that Eisenlohr was without authority to collect the drafts after they were rightfully indorsed, nor was there any proof to show notice to the bank of such lack of authority in Eisenlohr to collect the drafts after they were properly indorsed. The only grounds for a recovery alleged in the petition were that the indorsements of the drafts were forgeries committed by Eisenlohr, and that defendant was guilty of negligence in paying them to him without first ascertaining the genuineness of the title and the authority of Eisenlohr to collect them. If Eisenlohr was authorized to make the indorsements, the payment of them by the bank to a thief who had stolen them or to one who had found them after being lost would have constituted a good defense to the suit in the absence of notice to the bank. 5 Cyc. 550.

The instruction to return a verdict for the defendant in the event of a finding that Eisenlohr had authority to indorse the drafts is criticised as denying to plaintiff a recovery, even though the jury should believe that the indorsements were forgeries committed by some one other than Eisenlohr. A sufficient answer to this is that there was no allegation in the petition that any one other than Eisenlohr committed the alleged forgeries, and hence proof of such fact would not warrant a recovery under the decisions above cited. Furthermore, when the charge is considered as a whole, the jury must have understood that the portion of the charge now under discussion was meant to be applicable in the event only of a finding that Eisenlohr indorsed the drafts.

The following instruction was given: "The burden of proof is on the plaintiff to make out its case by a preponderance of the evidence, and, if you do not believe by a preponderance of the evidence that the defendant is liable, then you will find for the defendant." This instruction is criticised as leaving the jury to determine for themselves questions of law and fact controlling the issue of liability vel non of the defendant. We must assume that the jury construed this instruction in connection with the instruction preceding it, wherein were submitted the material issues of fact upon which a recovery was allowed, and we do not think it probable that they interpreted it in the sense suggested in the criticism presented.

We are of the opinion that the evidence did not as a matter of law show negligence in appellee in paying the proceeds of the drafts to Eisenlohr, and we are of the opinion further that the evidence was sufficient to support the judgment.

The judgment is affirmed.

### On Motion for Rehearing.

In addition to the facts noted in our opinion rendered upon the original disposition of the case, the record shows an agreement by appellant upon the trial in the court below, in effect, that in acquiring the drafts from Eisenlohr appellee's cashier acted in good faith. This strengthens our conclusions already announced, and the motion for rehearing is overruled.