[No. 8582.]

## UNITED STATES PORTLAND CEMENT COMPANY V. UNITED STATES NATIONAL BANK.

CHECK—*Forged Endorsement—Collection by Bank Other Than Drawee.*
A bank which, upon a forged endorsement, accepts a check drawn upon another bank, and collects the amount from the drawee bank, is liable to the payee named in the check for the amount so collected. (340.)

*Error to Denver District Court.* Hon. WILLIAM D. WRIGHT, Judge.

Mr. GEORGE Q. RICHMOND and Mr. JACOB J. LIEBERMAN, for plaintiff in error.

Messrs. ROGERS, ELLIS & JOHNSON, Mr. PERCY ROBIN-
SON and Mr. PIERPONT FULLER, for defendant in error.

Mr. Justice HILL delivered the opinion of the court.

A demurrer was sustained. to the plaintiff's amended
complaint. It declined to amend. For a first cause of
action, among other things, it alleges, that The Kirchhof
Lumber Company was indebted to plaintiff for cement, etc.;
that on February 7, 1914, the lumber company executed its
check on The Denver National Bank, payable to the order
of the plaintiff, for $267 in payment of said indebtedness,
and thereafter delivered and entrusted said check to one H.
C. Snyder as an employe of the plaintiff; that Snyder was
its employ in the capacity of sales manager, with no author-
ity to make, sign or indorse any check, promissory note or
bill of exchange, or to collect the fund due or payable upon
the same; that his authority was limited to the sale of Port-
land cement; that thereafter Snyder, without authority, and
without the consent of the plaintiff, and against its interest,
indorsed on said check the name of the plaintiff, and the
name of its secretary, J. E. Zahn, and on February 11, 1914,
presented it so indorsed by him to the defendant bank, and
received as payment thereof $267, which sum has not, nor
has any part thereof, been received by plaintiff, and which
sum of money aforesaid has been paid to said defendant by
the drawee bank upon the aforesaid check, and has been so
received from said drawee bank by defendant; that the in-
dorsement of said check by Snyder with the name of the
plaintiff, and its secretary was a forgery, and was made by
said Snyder without any kind or character of authority,
without warrant in law, and without the consent of the
plaintiff; that plaintiff has demanded from defendant pay-
ment of said sum so paid to it by Snyder, on said check so
forged; that the defendant has not paid it or any part there-
of to plaintiff. This is followed. with ten other alleged

causes of action, which are substantially the same as the first, except that each is based upon a different check, and for different amounts. The prayer is for judgment in the total amount of the eleven checks, viz, $4,323.09 with interest.

It is well settled in this jurisdiction that the holder of a bank check cannot sue the bank upon which it is drawn for refusing payment, in the absence of proof that it was accepted by the bank, or charged against the drawer. *Van Buskirk v. State Bank of Rocky Ford,* 35 Colo. 142, 83 Pac. 778, 117 Am. St. Rep. 182; *Boettcher v. Colorado National Bank,* 15 Colo. 16, 24 Pac. 582; *Colorado National Bank v. Boettcher,* 5 Colo. 185, 40 Am. Rep. 142.

In this case the payee in the checks seeks to recover from another bank who accepted and paid these checks, upon forged indorsements, and thereafter collected the amounts upon the checks from the bank upon which they were drawn. In such case the rule in Tennessee, New Jersey, Ohio, New York and Indiana is that the payee can recover from a bank which accepted them from the forger and collected them from the drawee bank, as for moneys had and received, even though it has fully paid over and accounted for the same to the forger without knowledge or suspicion of the forgery. *Farmer v. Bank,* 100 Tenn. 187, 47 S. W. 234; *Knoxville Water Co. v. East Tenn. Natl. Bank,* 123 Tenn. 364, 131 S. W. 447; *Buckley v. Second Natl. Bank of Jersey City,* 35 N. J. Law, 400, 10 Am. Rep. 249; *Shaffer v. McKee,* 19 Ohio St. 526; *Talbot v. Bank of Rochester,* 1 Hill (N. Y.) 295; *Johnson v. First Nat. Bank,* 6 Hun. (N. Y.) 124; *Graves v. American Exchange Bank,* 17 N. Y. 205; *Indiana Nat. Bank v. Holtsclaw et al.,* 98 Ind. 85.

This same principle is laid down in Vol. 1, (4th Ed.) Morse on Banks and Banking, wherein at page 483 the author states:

"If a negotiable instrument having a forged indorse-

ment come to the hands of a bank, and is collected by it, the proceeds are held for the rightful owners of the paper, and may be recovered by them, although the bank gave value for the paper, or has paid over the proceeds to the party depositing the instrument for collection."

These cases are based upon the theory of ratification by the payee of the collection of the check from the drawee and that the collecting bank can then be held as for moneys had and received, and that the payment by the drawee bank to the collecting bank, with the forged indorsement thereon, is evidence that the check was accepted and paid by the drawee bank, which acts the payee ratifies.

Counsel for the defendant in error concede that the cases last cited hold as indicated, but contend that the better rule is that announced in Pennsylvania, Illinois, Missouri and by the Supreme Court of the United States and which they claim is directly to the contrary, and to the effect that payment upon the forged indorsement by the drawee bank, to the person who presents the forged check to it, is not a payment of the check at all, for which reason there is no acceptance of it by the drawee bank, and until accepted a suit cannot be maintained against the drawee bank, or the intervening bank who first cashed it upon the forged certificate, and thereafter collected the amount from the drawee bank, upon the strength of the forged indorsement. We cannot agree that the United States Supreme Court cases and those in Illinois and Missouri which follow so hold. The case of *First National Bank of Washington v. Whitman*, 94 U. S. 343, 24 L. Ed. 229, goes into the question in detail. There, the payee brought suit against the bank upon which the check was drawn upon the theory that the payment upon the forged indorsement to the forger, operated as an acceptance by the bank of the check, sufficient to authorize an action by the real owner to recover thereon, as upon an accepted check. The court said no. The reason is readily

apparent, for by this method the payee sought to ratify one portion only of the transaction which would inure in his favor, and reject another part of the same act committed at the same time, which would work against him. In other words, his ratification was of something which he expressly repudiates, namely, his forged indorsement to the check, and the payment of the money. The court, in answering this contention, upon this theory, at page 347 says, "Its pretended payment did not diminish the funds of the drawer in the bank, or put money in the pocket of the person entitled to the payment. The state of the account was the same after the pretended payment as it was before." The same line of reasoning is presented in *Grocer Co. v. Bank,* 71 Mo. App., wherein, at page 137, the court quotes with approval from the *Whitman* case the following, "It is difficult to construe a payment as an acceptance under any circumstances. The two things are essentially different. One is a promise to perform an act, the other an actual performance." The same rule is followed in *Rauch v. The Bankers National Bank of Chicago,* 143 Ill. App. 635, which was also a case where the payee brought the suit against the drawee bank. These cases are all relied upon by the defendant in error to sustain its position.

Under our former decisions, we agree that the payee of a check cannot sue the drawee until after acceptance. We might also concede, if necessary, that the payment of a check upon a forged indorsement is not sufficient to give the payee thereof a right of action to compel the drawee to pay it over again to him, for by so doing would be to allow the act which is expressly repudiated by the payee, so far as the payment is concerned, to be ratified by him as an acceptance of the check but not as a payment of it; but such is not the case here. To the contrary the plaintiff seeks, as we think he has the right to do, to ratify the collection of the check for him; in such case he ratifies the assumed payment of it,

and the check is then paid; the drawee bank and the maker thereof are both released from paying it over again; the payee would be estopped from making such claim. The ratification is not upon the acceptance alone of the check by the drawee bank, but upon its collection by the defendant in error bank, and payment by the drawee bank; all of which are ratified by the payee and the suit is then against the collecting bank as for moneys had and received.

We are aware that the case of *Tibby Bros. Glass Co. v. F. & M. Bank,* 220 Pa. St. 1, 69 Atl. 280, 15 L. R. A. (N. S.) 519, is in conflict with this conclusion. There, as here, the suit was by the payee of the checks against an intervening bank which had paid them upon forged indorsements and collected the amounts from the drawee bank, but we cannot subscribe to the reasons given. They are against the weight of authority and also overlook the fact that the acts which the plaintiff seeks to ratify was not the drawee bank's acceptance of the checks, but their payment, and the intervening bank's collection of them. The Pennsylvania case says it applies the rule announced in *First Natl. Bank v. Whitman,* 94 U. S. 343, but the facts are different. The ratification in the Whitman case was the acceptance of the check only, so that the payee might bring suit against the drawee bank and compel it to pay the amount again, and where the payee expressly repudiates the same act so far as its validity was concerned as a payment by the bank, or the right to charge it against the maker of the check.

It is conceded that the drawee bank would have a cause of action against the defendant in error for the amount of these checks. This, upon the theory that they had never been paid and that the plaintiff could still recover the amount from the maker of the check, and that the maker in turn could prevent the drawee bank from charging the amount to his account. If the plaintiff in error had authorized the defendant in error bank to make these collec-

tions for it, the drawee bank could not recover back from the defendant in error bank, and the maker of the check could not prevent the payee bank from charging the amount to its account. When the plaintiff in error ratified this collection, the same result follows, and the defendant in error bank, not having accounted to it for the money (if the allegtions of the complaint are true) it has its cause of action therefor.

The judgment will be reversed and cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed.*

Chief Justice GABBERT and Mr. Justice TELLER concur.