## CONTINENTAL TRUST CO. v. STUMP.

(Court of Appeals of District of Columbia. Submitted October 7, 1926. Decided November 1, 1926.)

### No. 4417.

Corporations ⚖══148.

Where wife's stock is pledged by husband after forging her name, and subsequently sold by pledgee after default, wife could elect to sue for its value rather than to compel reissue.

Appeal from the Supreme Court of the District of Columbia.

Action by Caroline B. Stump against the Continental Trust Company. Judgment for plaintiff, and defendant appeals. Affirmed.

C. A. Douglas, J. V. Morgan, and J. B. Walsh, all of Washington, D. C., for appellant.

Crandal Mackey, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District of Columbia for the plaintiff, appellee here, in an action to recover the value of fifty shares of the capital stock of Durant Motors, Inc., converted by the defendant, appellant here.

This stock was the property of the plaintiff, and was delivered to defendant by plaintiff's husband to secure the payment of his note; the husband having signed his wife's name to the assignment on the back of the stock certificate without her knowledge. There was a default in the payment of the note, and the stock was sold by the defendant; the proceeds being applied to the payment of the note and the balance deposited to the credit of the husband, who checked out this balance. The good faith of the defendant is not questioned.

On the part of the defendant it is contended that, since no title passed by a forged indorsement, the defendant, as the innocent purchaser of the stock, did not acquire and plaintiff did not lose title, and that plaintiff's remedy is through an action to compel Durant Motors, Inc., to reissue to her 50 shares of stock transferred on the forged indorsement. Doubtless plaintiff might have elected to pursue such a course. Western Union Telegraph Co. v. Davenport, 97 U. S. 369, 24 L. Ed. 1047. But where, as here, the stock has been sold by the pledgee, and there has been a conversion in the strict sense of the term, the owner may elect to sue for its value. Morton v. Preston, 18 Mich. 60, 100 Am. Dec. 146; Farmer v. Bank, 100 Tenn. 187, 47 S. W. 234; Buckley v. Second Nat. Bank of Jersey City, 35 N. J. Law, 400, 10 Am. Rep. 249; Salomon v. State Bank, 28 Misc. Rep. 324, 59 N. Y. S. 407; Shaffer v. McKee, 19 Ohio St. 526.

The judgment is affirmed, with costs.

Affirmed.