[No. 11913.    Department Two. — April 29, 1889.]

## JOHN H. READ, RESPONDENT, *v.* W. M. BUFFUM, APPELLANT.  SOL. LEWIS, INTERVENOR AND APPELLANT.

ASSIGNMENT BY CORPORATION — PROOF OF AUTHORITY OF OFFICER. — An instrument purporting to be an assignment of an account by a corporation, executed in the name of the corporation by its secretary, cannot be taken as the valid act of the corporation without proof that the secretary had power to make it.

ID. — RATIFICATION BY DIRECTORS AFTER SUIT BY ASSIGNEE. — A ratification of such an attempted assignment, made by the board of directors of the corporation after an action has been commenced on the account by the assignee, is too late to be availing to the assignee.

ID. — DENIAL OF ASSIGNMENT ON INFORMATION AND BELIEF. — In an action by an assignee of an account, an answer alleging that the defendant has no information or belief sufficient to enable him to answer the allegations of a particular paragraph of the complaint, which contains the averment of the assignment, and for that reason denying all and singular the allegations contained in such paragraph, is sufficient to raise an issue as to the fact of the assignment.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The plaintiff, in paragraph 3 of his amended complaint, alleged the assignment of the account in question, its non-payment, and his ownership thereof. These

allegations the defendant denied as follows: "Defendant alleges that he has no information or belief sufficient to enable him to answer the allegations set forth in paragraph 3 of said amended complaint, and for that reason defendant denies each and every and all of said allegations in said paragraph contained." The further facts are stated in the opinion of the court.

*George Lezinsky, Franklin P. Bull,* and *Frank, Eisner & Platshek,* for Appellants.

It was error to admit the assignment in evidence without proof that W. M. Buffum & Co. and W. M. Buffum was the same individual. (*Kirk* v. *Blurton,* 8 Mees. & W. 283; *McGregor* v. *Fuller Implement Co.,* 72 Iowa, 143.) Proof of the execution of the assignment, and of the authority in the person signing it, are necessary to make it the valid act of the corporation. (*Gashwiler* v. *Willis,* 33 Cal. 11; 91 Am. Dec. 607; *Southern Cal. Col. Ass'n* v. *Bustamente,* 52 Cal. 196.)

*Pillsbury & Blanding,* for Respondent.

It will be presumed that the secretary of the corporation had power to make the assignment. (*McKiernan* v. *Lenzen,* 56 Cal. 64.)

SHARPSTEIN, J.—The plaintiff sues as the assignee of the California Powder Works, a corporation, for money alleged to be due for goods, wares, and merchandise sold and delivered by said corporation to the defendant. The defendant in his answer denies the allegation of his indebtedness to said corporation, and denies the assignment of said alleged indebtedness to the plaintiff.

And as a further and separate answer, and as a defense to said action, alleges:—

"That at all the times stated in said amended complaint the defendant was, and is now, a resident of the territory of Arizona, and has not at any of said times

been within the state of California; that defendant purchased, between the seventh day of April, 1882, and the twentieth day of May, 1883, at the territory of Arizona, certain goods, wares, and merchandise which are alleged in the said amended complaint to have been purchased by said defendant from the said California Powder Works at the city and county of San Francisco."

He further alleges that the action is barred by certain provisions of the laws of the territory of Arizona, and by the provisions of sections 361 and 339 of the Code of Civil Procedure of this state.

One Sol. Lewis filed a complaint in intervention, to which the plaintiff filed an answer.

Upon the issues raised by the pleadings, the parties proceeded to trial, and John F. Lohse was called and sworn as a witness for plaintiff. He testified that he was secretary and treasurer of the California Powder Works, and had been secretary since 1865, the commencement of the company.

Counsel for plaintiff then offered in evidence the following document:—

"BOARD OF TRADE OF SAN FRANCISCO.

"In the Matter of W. M. Buffum & Co., Jerome, A. T. Dated San Francisco, May 29, 1885.

"In consideration of one dollar, and other good and valuable consideration to us severally paid by the assignee next hereinafter mentioned, the receipt whereof is hereby acknowledged, we hereby sell, assign, and transfer to John H. Read our claims and demands against the first above named, in the amounts hereinafter set forth, and we severally authorize said assignee to enforce the payment of the same by legal remedies or otherwise, for his use and benefit.

"Witness our hands, with the several amounts of said claims and demands placed opposite thereto:—

"The California Powder Works, per John F. Lohse, secretary, $2,379.53."

This was shown to the witness, who testified that the signature was his.

The defendant objected to the said evidence, on the ground that the said document purports to convey an account against W. M. Buffum & Co., whereas this action is an action against W. M. Buffum, and therefore does not prove the assignment of any amount against the defendant in this suit. The objection was overruled, and the defendant excepted.

Plaintiff's counsel then asked the witness if there was any action of the board of directors approving that assignment. Witness answered, "There was." He was requested to read it, and read as follows:—

"Mr. Payton introduced the following resolution, namely: 'Resolved, That the assignment of this company on May 29, 1885, by the secretary, under the direction of the president, to John H. Read, of the claims and demands of the company against William M. Buffum, doing business under the name of William M. Buffum & Co., be and the same is hereby approved, ratified, and confirmed.' Said resolution, being seconded by Mr. Luning, was unanimously carried."

Witness testified that he read from the records of the corporation, and that the claim referred to was the one in suit.

Plaintiff then offered in evidence the said document and resolution, to which the defendant objected, on the ground that said document purports to convey an account against W. M. Buffum & Co., whereas this is an action against W. M. Buffum, and therefore does not prove the assignment of any account against the defendant in this suit. The objection was overruled, and the defendant excepted. Witness then testified that the goods were sold in Arizona, or in San Francisco, and shipped from the latter place; that they were sold and shipped to defendant by order. Witness produced one of the orders, which he said was a sample of the others;

that payments were made by checks sent from Arizona to the company here.

On cross-examination witness stated that he had charge of all the letters and orders of the company, and that everything was under his control. He further testified that all the goods were shipped direct from San Francisco by order of defendant.

Plaintiff here rested, and defendant moved for a nonsuit, on the ground: 1. That there had been no assignment to him proven by the plaintiff in this action of the claim of the California Powder Works, alleged in the complaint; 2. That it had not been proven by the plaintiff that the goods sued on in the complaint were sold to the defendant at the city of San Francisco. The motion was denied, and the defendant excepted.

Defendant then moved for a continuance of the trial, on the ground that he had not had an opportunity to prepare for the trial, and was therefore unable to produce any testimony. The motion was denied, and the defendant excepted.

Defendant offered no testimony, whereupon the court rendered its decision, and ordered judgment for plaintiff and against defendant, as prayed in plaintiff's complaint. Defendant moved for a new trial, which was denied, and the appeal is from the judgment and the order denying the motion for a new trial.

In order to maintain his action, it was necessary for the plaintiff to allege an assignment to him by the California Powder Works of the claim sued on. And the denial of that allegation by the defendant cast the burden of proving it upon the plaintiff. This he attempted and failed to do. The secretary of the company, who executed the assignment on which plaintiff relies, is not shown to have had any power to make it. The ratification of the board of directors was not given until after the commencement of the action,—too late to avail the

plaintiff anything, as he could not recover for a cause of action accruing after he commenced his action.

We think the form of denial sufficient to raise an issue upon the allegation of the complaint as to the fact of assignment. It is a form authorized by the code, and we think this a case in which it might properly be employed. This, in our opinion, constitutes the only error disclosed by the record.

Judgment and order reversed.

McFARLAND, J., and THORNTON, J., concurred.

Hearing in Bank denied.