[L. A. No. 972.  Department Two.—February 25, 1902.]

## E. C. DYER, Respondent, v. J. D. SEBRELL, Appellant.

INSOLVENT BANK—ACTION UPON NOTES—SET-OFF.—In an action upon notes held by the cashier of an insolvent bank, the maker cannot set-off certificates of deposit purchased by him for that purpose long after the bank became insolvent.

ID.—STIPULATION AS TO INSOLVENCY.—A stipulation that the bank "went into insolvency" on a certain date, "and has been insolvent ever since," imports more than that it was merely unable to pay its debts, and expresses some affirmative act of insolvency, such as the closing of its doors and the suspension of payments.

ID.—TITLE OF CASHIER—INDORSEMENT TO SELF.—The indorsement of the notes of a bank by its cashier to himself is voidable merely at the instance of the bank, and until avoided by it, passes the legal title to the cashier.

ID.—ACTION BY CASHIER—EVIDENCE OF DEBTOR.—The *prima facie* title of the cashier to sue upon the notes, in the absence of fraud, cannot be rebutted by evidence of the debtor that the title was in the bank, so long as the debtor is protected against any claim of the bank by payment of any judgment rendered in favor of the cashier.

APPEAL from a judgment of the Superior Court of Riverside County and from an order denying a new trial. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

E. B. Stanton, and Wilfred M. Peck, for Appellant.

Purington & Adair, for Respondent.

HENSHAW, J.—This action was founded on two promissory notes made by defendant to his own order, indorsed by him to the Riverside Banking Company, and upon the same day indorsed by the bank to the respondent, who was its cashier. No question arises over the making or indorsing of the notes by appellant, nor over the pleaded fact of nonpayment, but defendant, by way of counterclaim, urged as offset certain certificates of deposit of the Riverside Banking Company, which had been assigned to him before the commencement of the action for a valuable consideration. In this

connection appellant insists that the respondent, as cashier, had no right to indorse the notes to herself without a special authority from the directors of the bank; that the bank was therefore still the owner of the notes, and, as a consequence, that he has a right to set off the certificates of deposit against the amount of the indebtedness evidenced by his paper. The bank, it is stipulated, went into insolvency on or about the 1st of December, 1895, and has been insolvent ever since. The defendant purchased the certificates of deposit of this insolvent institution after the insolvency, and purchased them to use as an offset to his notes. It was nearly four years after the insolvency of the bank before defendant purchased the certificates.

That the defendant in such an action as this may not urge as a set-off against the debt which he owes to the defunct bank claims against that bank which he has bought since its insolvency, is not here and cannot be seriously questioned. (*Conroy* v. *Dunlap*, 104 Cal. 133; *Crane* v. *Pacific Bank*, 106 Cal. 64.) But against this appellant urges, notwithstanding the stipulation of the parties, "that the Riverside Banking Company *went into insolvency* on or about the 1st of December, 1895, and has been insolvent ever since"; that the word "insolvency" was not used in any other sense than that the bank was unable to pay its debts; and he says that neither the stipulation nor the findings can be stretched to mean that proceedings had been taken against the bank under the Bank Commissioners' Act. We think, however, that the stipulation to the effect that the bank went into insolvency means much more than that it was merely unable to pay its debts, and not only implies, but expresses, a positive and affirmative act upon the part of the banking institution. In *Conroy* v. *Dunlap*, 104 Cal. 133, the closing of the doors and the suspension of payments created the insolvency, and apparently this, at least, was the condition of the Riverside bank.

As the set-off which appellant sought to urge against his notes was therefore not available to him under any aspect of the case, it becomes immaterial to consider the question of the validity and sufficiency of the indorsements made by the cashier to herself. It is sufficient to say that the general rule is, that, in the absence of *mala fides*, which is not here urged, plaintiff's *prima facie* title from possession may not

be rebutted by the debtor by evidence that the title is in some other party, so long as he is protected against the claim of such party by the payment of the judgment which may be rendered against him. (*Giselman* v. *Starr,* 106 Cal. 651; *City Bank of New Haven* v. *Perkins,* 29 N. Y. 554;[1] *Ellicott* v. *Martin,* 6 Md. 509.[2]) The cashier of a bank can indorse negotiable paper and convey the legal title to it to any person but himself. An indorsement to himself would be voidable merely at the instance of the bank, and until avoided by the bank, would pass legal title to the cashier. (*Preston* v. *Cutter,* 64 N. H. 461; *Haugan* v. *Sunwal,* 60 Minn. 367.)

The judgment and order appealed from are affirmed.

Temple, J., and McFarland, J., concurred.

---

[1] 86 Am. Dec. 332.                [2] 61 Am. Dec. 327.