[S. F. No. 5866.  Department Two.—December 3, 1912.]

H. O. SMITH, Respondent, v. J. R. WOODS et al., Appellants.

PROMISSORY NOTE—BONA FIDE PURCHASER—EVIDENCE—TESTIMONY IN PRIOR ACTION FOR CANCELLATION—JUDGMENT UPHOLDING BONA FIDE PURCHASE.—In an action upon promissory notes by one claiming as a *bona fide* assignee for a valuable consideration before maturity, in which the defense was that the notes had been obtained by fraud to which the plaintiff was a party and of which he was charged with knowledge, the reporter's record of the entire testimony given on the trial of a prior action instituted by the makers of the notes to cancel them on account of the fraud, is inadmissible in support of such defense, where a judgment had been entered in the prior action to the effect that the assignee had acquired the notes for a valuable consideration, before maturity as a purchaser in good faith.

ID.—POSSESSOR MAY MAINTAIN ACTION ON NOTE.—In the absence of bad faith, an action upon a note cannot be defended upon the ground that the title is not in the plaintiff, if the plaintiff has possession and the defendant would be protected by the payment of any judgment on the note.

APPEAL from a judgment of the Superior Court of Fresno County and from an order refusing a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Henry Hawson, and E. A. Williams, for Appellants.

Frank H. Short, and F. E. Cook, for Respondent.

MELVIN, J.—Defendants appeal from a judgment against them and from an order denying their motion for a new trial. The action was upon three promissory notes each for the principal sum of one thousand two hundred dollars. Plaintiff herein sued as an assignee of the notes for a valuable consideration before maturity and as one who received them in good faith. The defense alleged was that the notes had been obtained by J. B. McCrairie, the payee thereof, by false and fraudulent representations in a transaction involving the sale of a certain stallion; that plaintiff had been a party to the fraud and that he had taken the instruments in question with full knowledge of their fraudulent taint.

Defendants rely upon two assignments of error in asking for a reversal of the judgment against them. These are (1) that the court erred in excluding certain evidence offered to prove the alleged fraud which induced the making of the notes; and (2) that one of the notes was improperly admitted in evidence because, as appellants contend, the real owner was not a party to this suit. There had been another action entitled Woods et al. *v.* McCrairie, in which the plaintiffs were the persons who appear as defendants here. That was a suit to cancel the notes here involved. The complaint therein contained the identical allegations of fraud which were set forth in the answer in this case. At the trial of this case counsel for defendants offered the reporter's record of the testimony received in the trial of the former case. Plaintiff's counsel made no objection to the form of the offered testimony, but opposed its admission upon the ground that the defense sought to be established thereby had been passed upon by the court in the former action and adjudicated adversely to the contention of these defendants, a judgment having been

entered in the earlier action to the effect that this plaintiff had acquired the notes for a valuable consideration, before maturity as a purchaser in good faith. This objection was properly sustained by the court. Much of appellant's brief is devoted to a discussion of the alleged errors committed in Woods et al. *v.* McCrairie. If there were material errors in that trial they would have been available upon the appeal of that cause, but they have no place here where all of the evidence taken in that case was offered in bulk as there received. No matter what the condition of the record in Woods et al. *v.* McCrairie may have been, the ultimate fact remained that upon the evidence adduced in the trial of that cause, the court, acting within its proper jurisdiction had entered a judgment against the plaintiffs therein and that was a subsisting judgment at the time of the trial of this cause.

There is nothing in the other point made by appellants that plaintiff H. O. Smith is not the real party in interest in the action upon one of the notes. This is based entirely upon the fact that the note in question bore an indorsement of an order to pay the sum mentioned therein to John W. and Edgar W. Loyd. This is signed by the plaintiff, but he swore that the note was his property acquired September 20, 1909; that it had never been out of his possession; that while the purported assignment had been written by him the note had never been delivered to the Loyds. In the absence of bad faith an action upon a note cannot be defended upon the ground that the title is not in the plaintiff, if plaintiff has possession and defendant would be protected by the payment of any judgment on the note. (*Dyer* v. *Sebrell,* 135 Cal. 597, [67 Pac. 1036] ; *Naglee* v. *Lyman,* 14 Cal. 453; *Bank of Lassen County* v. *Sherer,* 108 Cal. 513, [41 Pac. 415].) It has been held that even the owner of the equitable right to a part of the proceeds of a note is not a necessary party to an action on the note. (*Curtis* v. *Sprague,* 51 Cal. 239; *Caldwell* v. *Lawrence,* 84 Ill. 161.)

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.