[Civ. No. 1423. Second Appellate District.—January 9, 1914.]

JOHN LAPIQUE, Appellant, v. GEORGE J. DENIS et al.,
Respondents.

PLEADING—ASSIGNED CLAIM—ABSENCE OF ALLEGATION OF ASSIGN-
MENT.—A count in a complaint which does not allege any assign-
ment or transfer to the plaintiff of the property or rights of ac-
tion of the person whose claims to a right of action against the
defendants are set forth in such count, is insufficient.

ID.—ACTION INVOLVING ESTATE OF DECEDENT—UNCERTAINTY OF COM-
PLAINT—SUSTAINING OF DEMURRER WITHOUT LEAVE TO AMEND.—
Where, in an action against several defendants for an accounting
for moneys received from an estate of a decedent and for a re-
covery of moneys alleged to have been received by them as rentals
from property fraudulently included in the administration of the
estate of the deceased, it cannot be determined from the allega-
tions of the fourth amended complaint in what capacity either of
the defendants is sought to be held liable, or what relation either
of them bore to the plaintiff's assignor, or to the estate, or to its
executor or special administrator; or when any of the sums of
money for which they are to account were collected or received by
them; or what facts existed either in the intentions or within
the knowledge of the defendants which justify the plaintiff in al-
leging that the defendants acted corruptly or for the purpose of
divesting the plaintiff's grantor of any right possessed by him, the
court properly sustains a demurrer to the complaint without leave
to amend.

APPEAL from judgments of dismissal of the Superior
Court of Los Angeles County. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

J. Lapique, *in pro. per.,* for Appellant.

Denis & Loewenthal, and Cole & Cole, for Respondents.

CONREY, P. J.—Separate demurrers to the fourth
amended complaint were filed by the three respondents above
named. The court having sustained said demurrers without
leave to amend, judgments of dismissal were entered in favor
of the said respondents, and the plaintiff appeals from said
judgments.

The judgments recite the fact that similar demurrers to
the preceding complaints in this action had been sustained
by the court and that the plaintiff had failed to amend in
the respects required as a result of the sustaining of said
demurrers, and that therefore in sustaining these demurrers
the orders were made without leave to amend.

As to the first count of the complaint it is sufficient to say
that the plaintiff does not therein allege any assignment or
transfer to the plaintiff of the property or rights of action
of Antoine Begon, the person whose claims to a right of
action against the defendants are set forth in said first count.

The second count of the complaint begins by adopting all of the paragraphs of the first count as parts of the second, and adds certain other paragraphs. In one of these it is alleged "that for value received, *before the filing of this fourth amended complaint,* said surviving husband of Maria Begon, deceased, Antoine Begon, duly assigned, conveyed, sold and transferred to John Lapique, this plaintiff, all his claims," etc. Demand is "for an accounting of all moneys collected and received from the estate of Maria Begon, deceased, by each and all of the defendants, from the 9th day of November, 1894, down to the date of judgment in this action," and for judgment against the defendants and each of them for a certain large sum of money, alleged to have been received by "the defendants" as rentals from property included in said administration, but which plaintiff says was community property of Antoine and Maria Begon.

Besides the respondents on this appeal, nine other defendants are named in the complaint. According to the allegations of the complaint, letters of special administration and letters testamentary were issued upon the estate of Maria Begon, deceased, at two certain dates in December, 1894. It is then alleged, "that ever since said last named date said defendant has been and now is the duly appointed, qualified and acting special administratrix and executrix of the estate of Maria Begon, deceased." The complaint does not state which defendant was so appointed. Inconsistently with this allegation, other allegations are made charging that the will which was admitted to probate was in fact not the last will and testament of said deceased, and that the defendants in procuring the admission to probate of the so-called will represented that they were acting at the request of Antoine Begon and that the property described in their petition was the separate property of his deceased wife, whereas the plaintiff says that in fact such representations were untrue. It is not alleged that the defendants knew that said representations were untrue, or did anything to prevent the matter from being determined on its merits, and it is not alleged that Antoine Begon was ignorant of the proceedings in probate. The only statement approaching such an allegation is that the petition for probate was heard by the court on a certain day "without notice in writing" to said surviving husband.

It is alleged that the acts of the defendants in said probate proceedings, and in collecting rents from the properties mentioned, were done "as agents attorneys at law, legatees, devisees, so-called, and trustees of plaintiff's grantor, and were taken in said probate court by each and all of said defendants corruptly and for the purpose of divesting and cheating said grantor of his estate in said community property."

The demurrers are made upon the ground that the complaint does not state a cause of action, and also upon various grounds showing that the complaint is for various reasons uncertain, and for like reasons unintelligible and for like reasons ambiguous. Many of these points are well taken and it is unnecessary to review them at length. The complaint abounds in confused statements and in forms of statement such as those of paragraph 15, which set forth certain findings made in an action now pending on appeal in the supreme court, without alleging the facts stated in said findings as facts provable in this case. From the allegations in the complaint it cannot be determined in what capacity either of these three defendants is sought to be charged or held liable, or what relation either of them bore to Antoine Begon or to said estate or to its executor or special administrator; or when any of the sums of money for which they are to account were collected or received by them; or what facts existed either in the intentions or within the knowledge of the defendants which justify the plaintiff in alleging that the defendants acted corruptly or for the purpose of divesting plaintiff's grantor of any right possessed by him.

The judgments appealed from are affirmed.

James, J., and Shaw, J., concurred.