[Civ. Nos. 4101, 4102.   Second Appellate District, Division One.—
June 30, 1924.]

W. I. GILBERT et al., Appellants, v. R. E. MILLER, Respondent.

W. I. GILBERT et al., Appellants, v. ROBERT J. BAIRD, Respondent.

[1] CORPORATIONS—TRANSFER OF ASSETS—AUTHORITY OF SECRETARY.— The secretary of a corporation has no right to assign or transfer the assets of the corporation without authority given him so to do by the board of directors.

[2] ASSIGNMENTS—PLEADING—PROOF.—One claiming under an assignment must both allege and prove a valid assignment.

[3] CORPORATIONS—INDORSEMENT OF NOTES—AUTHORITY OF SECRETARY —REBUTTAL OF PRIMA FACIE CASE.—In an action upon promissory notes made payable to a corporation and by the secretary thereof indorsed and delivered to plaintiffs, the *prima facie* case made out by plaintiff's production of the notes indorsed by the secretary is entirely overcome by uncontradicted evidence that the secretary had no authority, expressed or implied, to make said indorsement.

---

1. Secretary's implied authority to act for or bind corporation, notes, Ann. Cas. 1912D, 296; Ann. Cas. 1916A, 479. See, also, 6 Cal. Jur. 1105; 7 R. C. L. 455.

2. See 3 Cal. Jur. 301, 307.

3. Power of president and secretary to execute commercial paper for corporation, notes, 2 Ann. Cas. 520; 18 Ann. Cas. 729. See, also, 6 Cal. Jur. 1106; 7 R. C. L. 452, 455.

[4] ID.—CONSIDERATION—VOID RELEASE—WANT OF ACCEPTANCE BY DIRECTORS.—The purported release of the corporation and its stockholders by plaintiffs of their claim against the corporation for attorneys' fees was a mere nullity, and constituted no consideration for the assignment to plaintiffs of the notes in question, where such release was made to the secretary of the corporation, who had no authority to accept same, and it was not made to or accepted by the board of directors.

[5] ID.—VOID ASSIGNMENT OF NOTES — RIGHT TO MAINTAIN ACTION THEREON—JUDGMENTS—DEFENSES.—The indorsement of the notes by the secretary of the corporation payee being unauthorized and void, the title thereto remained in the corporation, and neither such indorsement of the notes nor the possession thereof by plaintiffs would deprive the corporation of the right to institute actions thereon against the makers; and, as the makers would not be protected against such actions by the payment of any judgments which might be obtained by plaintiffs, they were entitled to interpose, as a defense to plaintiff's action, that the latter were not the legal owners of the notes in suit.

(1) 14a **C. J.**, p. 414, sec. 2262.    (2) 5 **C. J.**, p. 1008, sec. 224, p. 1016, sec. 249; 8 **C. J.**, p. 887, sec. 1160, p. 958, sec. 1247 (Anno.).
(3) 8 **C. J.**, p. 1008, sec. 1312 (Anno.); 14a **C. J.**, p. 731, sec. 2780.
(4) 14a **C. J.**, p. 468, sec. 2326, p. 732, sec. 2780 (Anno.).    (5) 8 **C. J.**, p. 798, sec. 1055.

APPEALS from judgments of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellants.

Alonzo D. Hitchcock for Respondents.

CURTIS, J.—These actions were instituted to recover upon two promissory notes, each for the sum of $750, one executed by the defendant Miller and the other executed by the defendant Baird, in favor of the Oak Forest Development Association, a corporation. Judgment went for the defendants in each action, and plaintiffs appeal therefrom. There

4.  See 6 **Cal. Jur.** 1105, 1119; **7 R. C. L.** 632.
5.  See 6 **Cal. Jur.** 1130.

is practically no dispute as to the facts of the case. They are substantially as follows: The plaintiffs claimed that said association was indebted to them in the sum of $1,500 for legal services performed by them for said association. They demanded a settlement of their claim, and the secretary of said association, indorsed and delivered to them the two promissory notes sued on. The notes were indorsed "Oak Forest Development Association, by A. E. Place, Secretary." The secretary had no authority from the board of directors of said association to indorse said notes, nor to deliver them to the plaintiffs, nor was his act, in indorsing and delivering said notes to the plaintiffs, ever ratified by said board of directors. Neither was there any provision in the by-laws of said association whereby any authority was conferred upon the secretary of said association, either to indorse, transfer, or deliver said notes. The answer to the complaint in each case denied that the note sued on therein was ever assigned or transferred to plaintiffs, or that plaintiffs were the owners thereof. The court found that the Oak Forest Development Association had never assigned or transferred either of said notes to plaintiffs, and that plaintiffs were not the owners of either of said notes. Plaintiffs, in appealing from the judgments herein, attack this finding of the court.

[1]. It is well settled in this state that the secretary of a corporation has no right to assign or transfer the assets of the corporation without authority given him so to do by the board of directors. (*Read* v. *Buffum,* 79 Cal. 77 [12 Am. St. Rep. 131, 21 Pac. 555]; *Buena Vista Oil Co.* v. *Park Bank of Los Angeles,* 39 Cal. App. 710, 715 [180 Pac. 12].) [2] One claiming under an assignment must both allege and prove a valid assignment. (*Bovard* v. *Dickenson,* 131 Cal. 162 [63 Pac. 162]; *Lapique* v. *Denis,* 23 Cal. App. 683 [139 Pac. 237].)

A case very similar to the one before us is that of *Read* v *Buffum, supra,* in which the supreme court states the law as follows: "In order to maintain his action, it was necessary for the plaintiff to allege an assignment to him by the California Powder Works of the claim sued on. And the denial of that allegation by the defendant cast the burden of proving it upon the plaintiff. This he attempted and failed to do. The secretary of the company, who executed the assignment on which plaintiff relies, is not shown to

have had any power to make it." The case before us is even stronger than that of *Read* v. *Buffum, supra,* where the evidence failed to show that the secretary of the company had authority to make the assignment. In the present case, the undisputed evidence is that the secretary had no authority, expressed or implied, to assign or transfer the notes to the plaintiffs.

The authorities above referred to appear to be decisive of the question involved in this appeal, and to sustain the findings of the trial court, to the effect that the Oak Forest Development Company never assigned or transferred to plaintiffs the promissory notes, and that plaintiffs were not the owners thereof.

Appellants have called our attention to the cases of *Dyer* v. *Sebrell,* 135 Cal. 597 [67 Pac. 1036], and *Linder Hardware Co.* v. *Pacific Sugar Corp.,* 17 Cal. App. 81 [118 Pac. 785, 789]. They insist that according to the doctrine laid down in these cases, the assignment of the notes to them was legal and binding upon all parties in interest. In the case of *Dyer* v. *Sebrell, supra,* the evidence showed that the plaintiff was the cashier of the Riverside Banking Company, and that she assigned to herself a promissory note belonging to the bank and executed by the defendant. She then instituted an action to collect the note, and the supreme court held that "The cashier of a bank can indorse negotiable paper and convey the legal title to it to any person but himself. An indorsement to himself would be voidable merely at the instance of the bank, and until avoided by the bank, would pass legal title to the cashier." Evidently the authority of a cashier of a bank to indorse and transfer negotiable paper is much broader than that of the secretary of an ordinary commercial corporation. In the case of *Linder Hardware Co.* v. *Pacific Sugar Corp., supra,* the note sued upon was executed by the defendant in favor of the Studebaker Brothers Company, a corporation. It was indorsed and assigned to the plaintiff by the treasurer of the Studebaker Brothers Company. There was no evidence as to the authority of the treasurer to make said indorsement. The court held in that case: "We think it was rightly admitted in evidence. Possession of commercial paper, with indorsement, makes a *prima facie* case of delivery by the indorser to the holder and of ownership of the latter." A

petition to the supreme court for a rehearing was filed in this case and denied. Chief Justice Beatty, in dissenting from the order denying a rehearing, said: "There was a plain and direct issue as to the assignment of the note given by defendant to Studebaker Brothers Company, and the plaintiff was bound to make proof of that fact. In my opinion the proof was wholly insufficient." The rule enunciated in this case was also commented upon unfavorably in a note appearing in 11 American Law Reports, page 957. But, giving to this case full weight as an authority upon the question considered therein, we still question it as controlling upon the point involved in the present case. All that the court held in the case of *Linder Hardware Co.* v. *Pacific Sugar Corp., supra,* relative to the legality of the assignment of the note, was that possession of the note, indorsed by the treasurer of the corporation, the payee therein, was *prima facie* evidence of ownership thereof. [3] In the case before us the evidence showed conclusively that the secretary had no authority to indorse or assign the note sued on. The *prima facie* case, made out by the plaintiffs' production of the notes indorsed by the secretary, was entirely overcome by the uncontradicted evidence that the secretary had no authority, expressed or implied, to make said indorsement.

[4] The claim of appellants that they obtained title and possession of these notes for an adequate consideration cannot be maintained. This consideration, plaintiffs assert, was the release of the association and its stockholders by plaintiffs of their claim for attorneys' fees. This release, if made at all, was made to the secretary of the association who had no authority to accept it. There is no evidence that said release was ever made to the board of directors of said association, or that said board ever accepted the same. Without the acceptance by the board of directors, the attempted release made by plaintiffs to the secretary amounted to a mere nullity, and, never having been accepted, is not binding upon the plaintiffs nor upon the association. Plaintiffs still have their right of action against the association upon their claim for attorneys' fees.

[5] Appellants, however, claim that, notwithstanding the fact that plaintiffs are not the owners of said promissory notes, the defendant cannot escape liability upon the ground that title thereto is not in the plaintiffs. In support of this

claim plaintiffs have cited the following authorities: *Gushee v. Leavitt,* 5 Cal. 160 [63 Am. Dec. 116], *Price v. Dunlap,* 5 Cal. 483, *Giselman v. Starr,* 106 Cal. 651 [40 Pac. 8], *Dyer v. Sebrell,* 135 Cal. 597 [67 Pac. 1036], *Linder Hardware Co. v. Pacific Sugar Corp.,* 17 Cal. App. 81 [118 Pac. 785, 789], and *Smith v. Woods,* 164 Cal. 291 [128 Pac. 748]. The rule laid down by these authorities is well stated in the case of *Smith v. Woods, supra,* as follows: "In the absence of bad faith an action upon a note cannot be defended upon the ground that the title is not in the plaintiff, if plaintiff has possession and defendant would be protected by the payment of any judgment on the note."

There is no question of bad faith involved in this action. The plaintiffs were, at the trial of the actions, in possession of the promissory notes, and if the defendants will be protected by the payment by them of any judgments which might be obtained against them in these actions, then, in accordance with the authorities above referred to, the defense interposed by them—of want of title to the notes by the plaintiffs—cannot be maintained. But would the defendants be protected by the payment of such judgments? The Oak Forest Development Association is still the owner of said notes. The fact that the possession of said notes is in the plaintiffs does not affect the association's title thereto, nor does such possession deprive the association of the right to institute actions upon said notes. The defendants, therefore, will not be protected against such actions by the payment of any judgments which might be obtained in the present action.

Accordingly, the defense interposed by the defendants, that plaintiffs are not the legal owners of the notes in suit, is a legal and valid defense, and the judgments in their favor must stand. The judgment in each of said actions is affirmed.

Conrey, P. J., concurred.

Houser, J., being disqualified, did not participate in the foregoing opinion.