[Civ. No. 6721. First Appellate District, Division One.—August 13, 1929.]

ADJUSTMENT CORPORATION (a Corporation), Respondent, v. ALBERT B. MARCO, Appellant.

Thomas P. White for Appellant.

Black, Hammack & Black and Carey McWilliams for Respondent.

THE COURT. — Action to recover $2,000, being four months' rent of certain premises leased to the defendant by Frank McCoy and Florence McCoy, his wife, who by an instrument in writing assigned to the plaintiff their claim therefor. The plaintiff also asked for the sum of $250 as an attorney's fee for prosecuting the action, the lease between the McCoys and the defendant having provided that if suit should be brought by the lessors against the defendant to enforce any of their rights under the lease the defendant should become liable for a reasonable attorney's fee.

The answer of the defendant denied the material allegations of the complaint; and as a separate defense averred

that he had been induced to enter into the lease by means of certain false representations, and that after entering into possession of the premises he discovered that they bore a bad reputation by reason of the commission thereon prior to the making of the lease of violations of the liquor laws of the United States and of acts of immorality, in consequence of which he was unable to conduct a profitable business thereon, whereupon he sought and obtained from the lessors a cancellation of the lease, relinquishing to them in consideration thereof the sum of $500, theretofore held by them as security for performance on his part of the terms of the lease. Defendant also pleaded the same facts by way of estoppel as a third defense, alleging that by reason thereof he was induced to surrender the premises to the lessors.

A trial being had, the court filed findings of fact and conclusions of law, in which it found the allegations of the complaint to be true and found against the allegations of the defendant's second and third defenses, and entered judgment in favor of the plaintiff in the sum of $3,375, being $2,000, the amount of rent sued for; $1125 for rent of the premises accruing between the time of the commencement of the action and the rendition of judgment, and $250 for an attorney's fee.

The defendant has taken an appeal from the judgment, and urges as grounds therefor that the court was in error in awarding to plaintiff any sum for rent additional to that demanded in the complaint; that the court also erred in allowing to the plaintiff an attorney's fee; that the court was in error in not crediting the defendant with the sum of $500 held by the lessors as security; and, finally, that the findings in favor of the plaintiff and against the defendant, particularly on the defendant's affirmative defenses, are not supported by the evidence.

The appellant's contention on the first point we think must be sustained. The only evidence in the case supporting any right on the part of the plaintiff to recover any sum whatever from the defendant is his written assignment of the sum of $2,000, being rental for four months. The assignment reads as follows:

"Los Angeles, California April 24, 1925.

"In consideration of the sum of One Dollar ($1.00) and other good and valuable consideration, receipt whereof is

hereby acknowledged, we hereby assign, set over, and transfer to the Adjustment Corporation, a corporation, all right, title and interest in and to a certain claim for Two Thousand and 00/100 Dollars ($2,000.00) against Albert B. Marco on account of rental of a certain premises near Sawtelle, California, for the months of January, February, March, and April, 1925, at the rate of Five Hundred and 00/100 Dollars ($500.00) per month.

"Frank McCoy.,
"Florence McCoy."

It is well settled that an assignee cannot recover in the absence of an allegation and proof of his assignment (*Read* v. *Buffum*, 79 Cal. 77 [12 Am. St. Rep. 131, 21 Pac. 555]; *King* v. *Felton*, 63 Cal. 66; *Lapique* v. *Denis et al.*, 23 Cal. App. 683 [139 Pac. 237]). There is no evidence in the record of any assignment, either oral or written, of rent accruing after the commencement of the action—even assuming that such rent could be recovered in this action. The respondent makes some contention that there was a delivery of the lease to it by the lessors, and that we should infer therefrom an oral assignment of whatever might be due to them. But there is no evidence in the record that the lease was ever delivered to the plaintiff; and, *a fortiori*, none as to the intention with which any such delivery was made.

Coming to the appellant's second contention respecting the attorney's fee, we have no doubt that this amount was correctly allowed. The lease by its terms provided for it in case of suit to enforce any of the rights of the lessors. The right to such fees in that event was an incident to the demand, and a valuable one. If the suit had been brought by the lessors there is no question but that such an allowance would have been proper. Section 1084 of the Civil Code provides that "the transfer of a thing transfers also all its incidents unless expressly excepted. . . . " No case precisely in point has been cited in the briefs, but the principle has been frequently applied quite aside from its common application in the case of notes secured by mortgage or pledge, where it is uniformly held that the transfer of the note without mention of the security carries with it the benefit of the security. Thus in *Heisen* v. *Smith*, 138 Cal.

216 [94 Am. St. Rep. 39, 71 Pac. 180], it was held that an assignment by a ward of a judgment against the guardian upon the settlement of his accounts operates as an equitable assignment of the ward's cause of action against the sureties of the guardian and entitles the assignee to maintain an action against them upon their bond. In *Latimer* v. *Capay Valley Land Co.*, 137 Cal. 288 [70 Pac. 82, 84], it was held that an assignment of a contract of sale of real property by the purchaser carried with it all the right which the assignor had by reason of its breach by the vendor, including the right to rescind the contract and recover money expended by the assignor. In support of its conclusion the court said: "The assignor having parted with his interest in the land as well as in the contract, of course there was no right left in him to recover the costs of any improvements placed on the land on a breach of the contract by appellant (vendor). If then this right was not left in the assignor what had become of it? The most satisfactory answer to this question is that it followed the contract; the assignee stands in the shoes of the assignor and whatever right of recovery was in the assignor on a rescission of the contract passed with the contract to the assignee. We think this principle finds application in the well-considered case of *Oneida* v. *Ontario Bank*, 21 N. Y. 490, wherein it is said: 'He who sells a security and receives his pay for it necessarily sells whatever claim or right the security is understood by the parties to represent.' "

In *Duncan* v. *Hawn*, 104 Cal. 10 [37 Pac. 626], it was held that the laborer's lien given by the statute passes by the assignment of the claim by the laborer which the lien is given to secure, and may be enforced by the assignee; and in *Goldman* v. *Murray*, 164 Cal. 419 [129 Pac. 462], it was decided that where a creditor of a corporation takes from it promissory notes evidencing its debt to him, and passes them on in the course of business to his creditor, the assignment of the notes operates as an equitable assignment of the original indebtedness notwithstanding that the notes themselves were eventually determined to be invalid as corporate obligations.

We think it clear that the application of this principle in the present case entitled the plaintiff to recover from the

defendant the attorney's fee in question in precisely the same manner as his assignors could have done.

■ Appellant next questions the correctness of the court's refusal to apply on the amount due the plaintiff the $500 deposited by the defendant as security for the performance of the covenants of the lease. The precise provision in question is in the following terms: "The lessee herewith deposits with the lessors the sum of $500 as security for the faithful performance by the lessee of all of his covenants hereunder; the lessors may have recourse to said deposit upon three days' written notice to the lessee for any damage they may suffer by reason of any default of the lessee hereunder, in which event the lessee agrees to immediately restore said deposit to its original amount. If the lessee fully performs all of his covenants herein contained, the lessors shall apply said deposit or any part thereof remaining in their hands to the credit of said lessee on account of the last month's rent becoming due hereunder." Since the court found that the lease is still in force and effect, and since by its terms it had at the time of the rendition of the judgment some two years to run, the lessors were not bound to resort to it to indemnify themselves against any particular item of damage, but they could hold it for future protection, especially as if the lessors had applied any part of it to make good a default in the payment of rent it immediately became the defendant's duty to restore the deposit to its original amount. ■ We are not in accord with the contention of the respondent made with respect to this deposit that upon any default by the lessee it was immediately forfeited to the lessors and became their property. We think the rule applicable in the present case is stated in 16 Ruling Case Law (Landlord and Tenant), page 931, where it is said: "Unless it clearly appears that it was the intention of the parties that the amount deposited was to be retained by the lessor irrespective of the actual amount of damages the stipulation for its retention by or forfeiture to the lessor will be regarded in the nature of a penalty, and the deposit in the nature of a security, and the lessor upon the termination of the lease, though for the default of the tenant, will be allowed to retain only the amount necessary to cover the damage resulting from the lessee's breach of his contract."

344

The remaining contention of the appellant is that the findings of the court are not supported by the evidence. Only one point of the appellant's argument under this head need be noticed, namely, that the trial court refused to permit him to prove certain essential parts of his defenses. As we read the record, it does not sustain the contention of the appellant. The court did at the time defendant commenced to put in his case refer to one of the alleged false representations upon which the defendant relied in his attack upon the lease, and stated that it would not hear evidence upon it or any evidence of facts occurring before the time of the alleged cancellation by agreement. As a matter of fact the allegations in question, even if true, would not have constituted ground for rescission by the defendant of the lease; nor did he in fact attempt a rescission. The court did eventually admit all evidence offered by the defendant tending to prove his defenses of cancellation by agreement and estoppel. The evidence of the defendant and his witnesses upon these matters was directly contradicted by the plaintiff's case, and the findings of the trial court—which are amply sustained—must therefore stand.

In view of the foregoing we conclude that the judgment must be modified by deducting therefrom the sum of $1125, and as thus modified it will stand affirmed, the appellant to recover his costs of appeal.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 12, 1929.