[Civ. No. 9489. First Appellate District, Division One.—June 19, 1935.]

FRANCIS P. WALSH, as Trustee in Bankruptcy, etc., Appellant, v. AMERICAN TRUST COMPANY (a Corporation), Respondent.

Torregano & Stark, Ernest J. Torregano, Sterling Carr and August B. Rothschild for Appellant.

Brobeck, Phleger & Harrison and Thomas E. Davis for Respondent.

GRAY, J., *pro tem.*—Appellant, as trustee of a bankrupt corporation, sued the respondent bank to recover the proceeds of a check, payable to the corporation, which respondent had collected from the drawee bank upon an unauthorized endorsement and paid to such endorsee. After a trial in which appellant alone had presented evidence, the court made its findings and thereon rendered judgment in favor of respondent. Appellant in this appeal claims that certain findings, vital to the judgment, are unsupported by the evidence.

The following facts, as found by the court, are unchallenged. The Mullin-Acton Company was a corporation, acting as general agent for insurance companies, until January

22, 1932, when it filed a voluntary petition in bankruptcy. The Mullin-Johnson Company, formerly Mullin-Acton Company, Brokerage Department, was, also, a corporation, conducting, however, an insurance brokerage business and had acted as broker on policies executed by companies represented by Mullin-Acton Company. G. H. Mullin was the president of each company and owned sixty-six and two-thirds per cent of the stock of the first company and sixty per cent of the stock of the second. S. J. Johnson was secretary of both companies. The Mullin-Johnson Company had, as broker, procured for various persons, including Fruit Growers' Supply Company, policies, of which some were written by companies represented by Mullin-Acton Company, and prior to the check in question had collected the premiums due thereon with the authority of the latter corporation. On January 21, 1932, Fruit Growers' Supply Company owed eight thousand seventy dollars and three cents ($8,070.03) for premiums on policies procured by Mullin-Johnson Company, as broker, and written by companies represented by Mullin-Acton Company. On that day Fruit Growers' Supply Company, in payment of such premiums, issued the present check, drawn on Crocker First National Bank and payable to the order of Mullin-Acton Company. It delivered the check to S. J. Johnson, who endorsed thereon in three successive lines, "Mullin-Acton Co., Mullin-Johnson Co., S. J. Johnson", and deposited it to the credit of Mullin-Johnson Company with respondent, who collected its amount from the drawee. Previously Mullin-Acton Company had carried its account with a third bank, which had applied all credits to payment of an overdue note owed it. Mullin-Acton Company had not, by resolution of its directors, selected respondent as its depositary nor authorized any of its officers to endorse or deliver to defendant checks or other evidences of indebtedness.

Appellant challenges, as unsupported by the evidence, the following facts found. Some are stated in both a negative and positive form, but the latter only will be here given. At the opening of the account, in the name of Mullin-Johnson Company, by the deposit of the check, there was delivered to respondent a signature card signed by G. H. Mullin and S. J. Johnson, upon which respondent's employee had noted that the depositor was formerly Mullin-Acton Company. The endorsements on the check were not forgeries nor were they

unauthorized by Mullin-Acton Company but that company and its president and its secretary had full knowledge of the endorsement and the deposit. Mullin-Acton Company, together with its officers, namely, its president and secretary, empowered and authorized the check to be handled as it was, and are estopped to deny that the deposit was authorized or to claim that respondent converted proceeds of the check. The Mullin-Johnson Company was entitled to and was authorized by Mullin-Acton Company to collect the premiums represented by the proceeds of the check and to deposit the check to its account with respondent.

■ "When a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative. . . . " (Civ. Code, sec. 3104.) A bank which cashes a check on an unauthorized endorsement of the corporation payee and collects its proceeds from the drawee is liable to such payee for such proceeds. (*Palo Alto etc. Assn.* v. *First Nat. Bank,* 33 Cal. App. 214 [164 Pac. 1124]; *Buena Vista Oil Co.* v. *Park Bank of Los Angeles,* 39 Cal. App. 710 [180 Pac. 12]; *George* v. *Security Trust & Savings Bank,* 91 Cal. App. 708 [267 Pac. 560]; *United States Portland Cement Co.* v. *United States Nat. Bank,* 61 Colo. 334 [157 Pac. 202, L. R. A. 1917A, 145, note]; *Merchants' Bank* v. *National Capital Press,* 288 Fed. 265 [53 App. D. C. 59, 31 A. L. R. 1066, note]; *California Stucco Co.* v. *Marine Nat. Bank,* 148 Wash. 341 [268 Pac. 891, 67 A. L. R. 1531, note].) One who acts upon the endorsement of negotiable paper must ascertain its genuineness at his peril. (*California Stucco Co.* v. *Marine Nat. Bank, supra; Standard Steam Specialty Co.* v. *Corn Exchange Bank,* 220 N. Y. 478 [116 N. E. 386, L. R. A. 1918B, 575]; *Hamlin's Wizard Oil Co.* v. *United States Express Co.,* 265 Ill. 156 [106 N. E. 623].) "The signature . . . may be made by a duly authorized agent . . . and the authority of the agent may be established as in other cases of agency." (Civ. Code, sec. 3100.) ■ The burden of proving Johnson's authority to endorse the check rested upon respondent. (*Buena Vista Oil Co.* v. *Park Bank of Los Angeles, supra; Gilbert* v. *Miller,* 68 Cal. App. 40 [228 Pac. 662]; *Independent Oil Men's Assn.* v. *Fort Dearborn National Bank,* 311 Ill. 278 [142 N. E. 458]; *Doeren* v. *Krammer,* 141 Minn. 466 [170 N. W. 609]; *Abraham Arndt & Bros.* v. *New York Fruit Water Co.,* 140 N. Y. Supp. 471;

*Producers' Oil Co.* v. *Green,* (Tex. Civ. App.) 212 S. W. 68.) As secretary, S. J. Johnson had no implied authority to endorse the check. (*Palo Alto etc. Assn.* v. *First Nat. Bank, supra; Buena Vista Oil Co.* v. *Park Bank of Los Angeles, supra; Gilbert* v. *Miller, supra.*)

The authority of S. J. Johnson to endorse the check for Mullin-Johnson Company was shown by a resolution of that corporation, an authenticated copy of which formed part of the signature card which was given to respondent with the deposit of the check. The challenged findings found that S. J. Johnson was authorized to endorse the check on behalf of its payee, Mullin-Acton Company. The only direct testimony on this issue was given by G. H. Mullin, a witness for appellant, whose testimony, if believed, established Johnson's lack of authority to so endorse. ■ In support of the findings, respondent argues that the disputable presumptions specified in subdivisions 1, 19 and 33 of Section 1963 of the Code of Civil Procedure created a conflict in the evidence and that, therefore, the court could find in accordance with such presumptions in favor of Johnson's authority. These presumptions are "that a person is innocent of crime or wrong", "that private transactions have been fair and regular" and "that the law has been obeyed". Even if it be presumed that Johnson was not guilty of forgery and that his endorsement was regular, yet such presumptions do not raise the further presumption, impliedly indulged in by the court, of his authority, for a presumption cannot be based upon a presumption. (22 C. J. 85.) ■ To give such effect to such presumption would violate the rule that a person cannot make himself another's agent by so acting without the latter's knowledge or consent. (*Allen* v. *San Francisco Wholesale Dairy Produce Exch.,* 59 Cal. App. 93 [210 Pac. 41].) ■ However, the difference between the payee and the endorsee and the use of the check to transfer the former's money to the latter's account raised a presumption that the transaction was dishonest, unfair and irregular. (*Ward* v. *City Trust Co.,* 192 N. Y. 61 [84 N. E. 585] ; *Fisk Rubber Co.* v. *Pinkey,* 100 Wash. 220 [170 Pac. 581].) ■ The law indulges in no presumption that an agency exists but instead presumes that a person is acting for himself and not as agent for another. (2 C. J. 919.) ■ Since the code presumptions are general and the presumptions as to use of corporate paper and agency

are special, the latter prevail over the former. (*McKay* v. *McKay*, 184 Cal. 742 [195 Pac. 385].)

█ Respondent argues that the judgment in its favor was inevitable if the trial judge discredited the testimony of G. H. Mullin. Even if it be conceded that the judge was entitled to and did disregard such testimony, because of the witness' interest, motive and self-contradiction, respondent's conclusion does not follow. As above pointed out, the burden of proving Johnson's authority rested upon respondent, who asserted its existence. (*Ewing* v. *Hayward*, 50 Cal. App. 708 [195 Pac. 970].) Therefore the elimination of Mullin's testimony merely removed evidence upon which the court could have found a lack of such authority but did not supply evidence from which the court could have found its existence.

█ The court further found in effect that Mullin-Acton Company was estopped to deny Johnson's authority to endorse the check. A person whose signature was unauthorized may be precluded from setting up want of authority. (Civ. Code, sec. 3104.) Authority may be actual or ostensible. (Civ. Code, sec. 2298.) "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." (Civ. Code, sec. 2317.) There are two essential features of ostensible authority, viz.: the third person must believe that the agent had authority and such belief must be generated by some act or neglect of the person to be held. (*Allen* v. *San Francisco Wholesale Dairy Exch., supra.*) A person, whose check was endorsed without authority, may be estopped to deny such want of authority by his negligence in allowing another to clothe himself or to be clothed with apparent authority to so endorse. (*Schmidt* v. *Garfield Nat. Bank,* 64 Hun, 298 [19 N. Y. Supp. 252].) █ In 1921, Mullin-Acton Company had had an account with respondent's predecessor, who was then given a copy of the corporation's resolution, certified to by S. J. Johnson, as secretary, which provided that the president and vice-president were authorized to draw and endorse checks on behalf of the corporation. Respondent had never had the account of Mullin-Acton Company nor had it ever had any dealings with such corporation. (See *Buena Vista Oil Co.* v. *Park Bank of Los Angeles, supra.*) Without such previous dealings with Mullin-Acton Company, respondent had no reason to believe in Johnson's ostensible authority nor had the corporation done or omitted

anything to generate such belief. The right of Mullin-Johnson Company to collect premiums and its practice of so doing, with the knowledge and consent of Mullin-Acton Company, did not authorize it to endorse this check and collect its amount. Nor did the fact that it was entitled to a commission on the premiums, paid by such check, entitle it to appropriate all of the premiums by means of an unauthorized endorsement.

Since the questioned findings are unsupported by the evidence and, without such findings the judgment cannot be supported, the judgment is reversed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 19, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 15, 1935.